**STATE of Missouri, Respondent,**

v.

**Bradley J. HUTCHISON, Appellant.**

No. 70117.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 24, 1997.

Al W. Johnson, St. Louis, for appellant.

Michael G. Deimund, Asst. Pros. Atty., Cape Girardeau County, Jackson, for respondent.

KAROHL, Judge.

Bradley J. Hutchison appeals after the court found him guilty of careless and imprudent driving, an infraction under § 304.010, subd. 7 RSMo Supp.1995.

The state originally charged Hutchison with careless and imprudent driving based on a serious traffic accident which occurred on July 25, 1995. He drove into the rear of a slow moving "signal truck" which trailed behind a weed spraying truck on Interstate 55. On that date careless and imprudent driving was a misdemeanor. Section 304.010, subd. 7 RSMo 1994. Defendant requested a jury trial. The court scheduled a jury trial. However, before trial the trial judge determined that a 1995 amendment to § 304.010, subd. 7 applied. That amendment, effective August 28, 1995, redefined a violation of § 304.010 as an infraction. The case was court-tried on December 8, 1995, on a second amended information which charged defendant with an infraction.

■ Defendant's first two points argue the court erred in denying a jury trial because: (1) the legislature did not intend the 1995 amendment to make careless and imprudent driving an infraction; and, (2) he was entitled to a trial on the charge based upon the statute as it existed at the time of the accident. The first argument is summarily rejected because the 1995 amendment, effective August 28, 1995, is unambiguous. In plain and ordinary language the legislature changed the violation of § 304.010 from a misdemeanor to an infraction. The trial court had no discretion to try the case as a misdemeanor after the state amended the information to allege an infraction. The provisions of § 543.220, subd. 2 RSMo 1994 do not exclude a trial by jury of an infraction. However, the provisions expressly provide a defendant has no right to a jury in the trial of an infraction. Accordingly, we review for an abuse of discretion in denying a jury trial on the charge, as tried, and find no abuse.

■ If defendant's second point were sustained he would be charged and retried for a misdemeanor. The possible punishment would be a fine of not more than $500 or imprisonment in the county jail not exceeding one year, or both such fine and imprisonment. Section 304.570 RSMo 1994. The maximum punishment for an infraction is a fine not to exceed $200. Sections 557.011, subd. 3 and 560.016, subd. 1(4) RSMo 1994. The trial court found defendant guilty and imposed a fine of $50 and costs. The 1995 amendment to § 304.010, as applied to defendant, reduced the applicable punishment by removing any prospect of jail time and reducing the maximum fine. Because of the provisions of § 1.160(2) RSMo 1994, the state could not ask and the court could not impose a misdemeanor sentence on a charge of careless and imprudent driving which was pending on August 28, 1995 but not tried until after that date. The 1995 amendment to § 304.010, subd. 7 did not change the substantive elements of careless and imprudent driving but did change the classification. The charged violation was the same; the punishment was reduced. Moreover, the prosecuting attorney had discretion to amend the charge to an infraction. We find no motion in opposition to the amendment. The trial court did not err in permitting the last amended information to be filed and in denying a jury trial for an infraction.

■ Defendant contends the court erred in refusing to accept his exhibits C and D as evidence that the truck he struck from behind violated employer safety standards and created an unavoidable hazard which a reasonably careful and prudent driver could not avoid. We find no error. The exhibits may have offered evidence to support a finding that persons other than the defendant were negligent and their negligence caused or contributed to cause a vehicle collision. However, the exhibits, and any favorable inferences based on the exhibits, would not offer defendant a defense to a charge that he failed to keep a proper lookout and thereby endangered property or life of another person. They were, therefore, irrelevant in a criminal case. The court did not abuse its discretion in sustaining the state's timely objection on

grounds of relevancy. See *State v. Tokar*, 918 S.W.2d 753, 770 (Mo. banc 1996).

 For the same reasons we found no error in exclusion of exhibits C and D, we find no error in excluding some testimony of two witnesses. Defendant sought the testimony of two witnesses on the issue of whether the vehicle he struck was maintained and operated in a manner creating a dangerous and unavoidable hazard. Specifically, he wanted Kathy Karron to testify about a "near-miss" accident that happened approximately one hour before his collision. The state's objection was based on relevancy. The court sustained the objection because the proposed testimony would describe conditions earlier in the day when defendant was not present. The testimony would not describe events at or near the time of the collision. The court allowed Kathy Karron to testify regarding a warning sign used earlier on the vehicle she occupied because there was other testimony about the appearance of a warning sign at or near the time of the accident. Generally, the testimony which the trial court refused to hear was unconnected to the events of the vehicle collision. Moreover, if received as proposed, the evidence would not have supported a finding defendant did not operate his vehicle "in a careless and imprudent manner by driving into the rear of a slow moving vehicle and failing to keep a proper lookout...."

Defendant proposed to ask Rick Welker to describe earlier observations of the truck defendant struck. This was legally the same as the proposed testimony of Kathy Karron and our ruling is the same. Point denied.

Finally, defendant argues the evidence offered by the state was insufficient to support the conviction. The state proved defendant was operating a motor vehicle which hit the back of a slow moving signal truck. Defendant's testimony confirmed these facts. A witness testified that shortly before the collision, defendant was driving above the posted speed limit. Another witness testified that he drove past the signal truck seconds before defendant and that he, the witness, "had good warning" and "plenty of room to get over." This testimony supports an inference that a driver keeping a proper lookout could have seen and avoided the collision, hence, defendant failed to keep a proper lookout. The evidence was sufficient to support submission of the charged infraction. Point denied.

AHRENS, C.J., and CRANE, J., concur.